**Rule 1910.16-1. Amount of Support. Support Guidelines.**

(a)  Applicability of the Support Guidelines.

(1)      Except as provided in subdivision **[(2)](3)**, the support guidelines determine the amount of support **[which]that** a spouse or parent should pay based on the parties' combined monthly net **[incomes]income,** as defined in Pa.R.C.P. No. 1910.16-2**,** and the number of persons being supported.

**(2)      If a person caring for or having custody of a minor child, who does not have a duty of support to the minor child, initiates a child support action as provided in Pa.R.C.P. No. 1910.3:**

**(i)      the complaint shall identify the parent(s) as defendant(s);**

**(ii)      in determining the basic child support amount, the monthly net income for the individual initiating the action shall not be considered in the support calculation by the trier of fact;**

**(iii)      the parents' monthly net incomes shall be combined to determine the basic child support amount, which shall be apportioned based on the parents' respective monthly net incomes consistent with Pa.R.C.P. No. 1910.16-4.  The parents shall pay the obligee their proportionate share of the basic child support amount as a separate obligor; and**

**(iv)      as with other support actions, the trier of fact may make adjustments or deviations consistent with the support guidelines based on the evidence presented by the parties.**

*Example 1*.  **The parents have one child, who is in the custody of the maternal grandmother.  Maternal grandmother initiates a support action against the parents.  Mother's monthly net income is $3,000 and Father's monthly net income is $2,000 for a combined monthly net income of $5,000.  For purposes of the child support calculation, maternal grandmother's income is irrelevant and not part of the calculation.  The basic child support obligation for one child at a combined monthly net income of $5,000 is $990 per month.  Mother's percentage share of the combined monthly net income is 60% ($3,000/$5,000) and Father's percentage share of the combined monthly net income is 40% ($2,000/$5,000).  Mother's preliminary monthly share of the child support obligation is $594 ($990 x 60%) and Father's preliminary monthly share of the child support obligation is $396 ($990 x 40%).  Maternal grandmother is the obligee with Mother and Father**

**as separate obligors owing $594 and $396 respectively to the maternal grandmother.**

[(2)]**(3)** In actions in which the plaintiff is a public body or private agency pursuant to Pa.R.C.P. No. 1910.3, the amount of the order shall be calculated under the guidelines based upon each obligor's monthly net income**,** as defined in Pa.R.C.P. No. 1910.16-2, with the public or private entity's income as zero. In such cases, each parent shall be treated as a separate obligor and [a]**the** parent's obligation will be based upon his or her own monthly net income without regard to the income of the other parent.

(i) The amount of basic child support owed to other children not in placement shall be deducted from each parent's monthly net income before calculating support for the child or children in placement, including the amount of direct support the guidelines assume will be provided by the custodial parent.

*Example [1]2.* Mother and Father have three children and do not live in the same household. Mother has primary custody of two children and monthly net income of $2,000 per month. Father's monthly net income is $3,000. The parties' third child is in foster care placement. Pursuant to the schedule in Pa.R.C.P. No. 1910.16-3, the basic child support amount for the two children with Mother is $1,415.  As Father's income is 60% of the parties' combined monthly net income, his basic support obligation to Mother is $849 per month. The guidelines assume that Mother will provide $566 per month in direct expenditures to the two children in her home. The agency/obligee brings an action against each parent for the support of the child in placement. Father/obligor's income will be $2,151 for purposes of this calculation ($3,000 less $849 in support for the children with Mother).  As the agency/obligee's income is zero, Father's support for the child in placement will be 100% of the schedule amount of basic support for one child at the $2,151 income level, or $509 per month. Mother/obligor's income will be $1,434 for purposes of this calculation ($2,000 less $566 in direct support to the children in her custody). Her support obligation will be 100% of the schedule amount for one child at that income level, or $348 per month.

*Example [2]3.* Mother and Father have two children in placement. Father owes child support of $500 per month for two children of a former marriage. At the same income levels as in Example [1]**2**, Father's income for determining his obligation to the children in placement would be $2,500 ($3,000 less $500 support for two children of prior marriage). His obligation to the agency would be $849 per month (100% of the schedule amount for two children at the $2,500 per month income level). Mother's income would not be diminished as she owes no other child support. She would owe $686 for the children in placement (100% of the schedule amount for two children at the $2,000 income level).

(ii)   If the parents reside in the same household, their respective obligations to the children who remain in the household and are not in placement shall be calculated according to the guidelines, with the parent having the higher income as the obligor, and the calculated support amount shall be deducted from the parents' monthly net incomes for purposes of calculating support for the child(ren) in placement.

*Example [3]4*. Mother and Father have four children, two of whom are in placement. Mother's monthly net income is $4,000 and Father's is $3,000. The basic support amount for the two children in the home is $1,660, according to the schedule in Pa.R.C.P. No. 1910.16-3.  As Mother's income is 57% of the parties' combined monthly net incomes, her share would be $946, and Father's 43% share would be $714. Mother's income for purposes of calculating support for the two children in placement would be $3,054 ($4,000 less $946).  She would pay 100% of the basic child support at that income level, or $1,032, for the children in placement. Father's income would be $2,286 ($3,000 less $714) and his obligation to the children in placement would be $784.

(iii)   In the event that the combined amount the parents are required to pay exceeds the cost of placement, the trier of fact shall deviate **the support amount downward** to reduce each parent's obligation in proportion to his or her share of the combined obligation.

**[(3)](4)**  The support of a spouse or child is a priority obligation so that a party is expected to meet this obligation by adjusting his or her other expenditures.

* * *

**Explanatory Comment - 2017**

Pursuant to Pa.R.C.P. No. 1910.3(a), a person having custody of a child or caring for a child may initiate a support action against the child's parent(s). Previously, this rule only addressed when a public body or private agency had custody of a child but was silent with regard to an individual third party, e.g., grandparent, seeking support. The rule has been amended by adding a new subdivision (a)(2) and renumbering the previous (a)(2) to (a)(3). In addition, an example illustrating the new (a)(2) calculation has been included.

Subdivision (a)(2) excludes the income of the third party/obligee, as that person does not have a duty of support to the child; instead, the rule uses the combined monthly net income of the parents to determine the basic child support amount, which is then apportioned between the parents consistent with their respective percentage of the combined monthly net income in the same manner as a parent vs. parent support action. However, under this rule, each parent would be a separate obligor, would pay the obligee their proportionate share under a separate support order, and would be subject to separate enforcement proceedings. Under (a)(2), the exclusion of the third party's income is consistent with Pa.R.C.P. No. 1910.16-2(b)(2)(B) as that rule relates to an action for support by a third party against a surviving parent in which the child receives a Social Security derivative benefit due to the death of the other parent.

In accordance with Pa.R.C.P. No. 1910.16-6(c), payment of the first $250 of unreimbursed medical expenses per year per child is applicable to third party/obligees in support actions governed by (a)(2). The first $250 of unreimbursed medical expenses is built into the Basic Child Support Schedule.